## In United States District Court
## For the District of Delaware

UNITED STATES OF AMERICA

v.

MICHAEL KING,
  Defendant.

Criminal Complaint

CASE NUMBER: 08-42M

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about February 13, 2008 in the District of Delaware, Defendant MICHAEL KING did knowingly possess in and affecting interstate or foreign commerce a firearm, after having been convicted of a felony crime punishable by imprisonment for a term exceeding one year, in violation of Title __18__ United States Code, Section(s) __922(g)(1) and 924(a)(2).__

I further state that I am a(n) __Special Agent, ATF__ and that this complaint is based
                                    Official Title
on the following facts: See attached affidavit.

Continued on the attached sheet and made a part hereof:   Yes

_____
Tat Shum
Special Agent, ATF

Sworn to before me and subscribed in my presence,

February 14, 2008                           at   Wilmington, DE
Date                                              City and State

Honorable Mary Pat Thynge
United States Magistrate Judge              _____
Name & Title of Judicial Officer             Signature of Judicial Officer

AFFIDAVIT OF Tat S. Shum

1. Your affiant is Special Agent Tat S. Shum. Your affiant has been a law enforcement officer for over seven years with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF). As part of my duties, responsibilities and training, and in the course of my investigative experience, I have become familiar with the statutes, rules and regulations, policies and procedures, relating to the Bureau of Alcohol, Tobacco, Firearms and Explosives, including but not limited to the possession of firearms by persons prohibited, and other laws enforced by the Bureau of Alcohol, Tobacco, Firearms and Explosives. I am a graduate of the Federal Law Enforcement Training Center, Glynco, GA, Criminal Investigation Course and the Bureau of Alcohol, Tobacco and Firearms New Professional Training Course. Prior to my employment with ATF, your affiant was employed by the Pennsylvania State Attorney's Office as a State Narcotics Agent and has previously received training and conducted investigations involving the illegal use of firearms. Your affiant was also previously employed by the First Judicial District of Pennsylvania, Common Pleas and Municipal Courts, as a warrant unit investigator for the County of Philadelphia. During the course of your affiant's law enforcement career, your affiant has participated in over 100 seizures of firearms and conducted over 150 criminal investigations involving federal firearms violations.

2. Unless otherwise stated, the information in this affidavit is based upon your affiant's personal knowledge and conversations with Wilmington Police Officers.

3. The complaining witness (CW1) essentially told a Wilmington Police Officer (WPD1) who told your affiant the following: on or about the early hours of February 13, 2008, the defendant MICHAEL KING was banging on her apartment door and threatening her to shoot her with a handgun and described the gun as a chrome gun with a long barrel. She immediately reported the threatening incident to the police. CW1 physically pointed the specific apartment where the defendant was inside. The alleged threatening incident occurred in the city of Wilmington, Delaware.

4. WPD1 told your affiant the following: He went to the apartment that CW1 pointed out and a female (F1) answered the door. Shortly after, the defendant MICHAEL KING came walking out of a back bedroom within vision of the doorway and CW1 identified him as the person who threatened her earlier. Eventually, the police removed the defendant and took him to a patrol vehicle. F1, the female who answered the door signed a consent search form for the search of the residence and WPD1 discovered concealed in a closet located in a bedroom from where the defendant exited a Smith and Wesson chrome 44 magnum revolver (serial number CHZ9519) fully loaded with 6 rounds. CW1 who was still present positively identified the firearm as the one the defendant was brandishing in her doorway.

5. It is your affiant's understanding that CW1 is having a relationship problem with the defendant over another woman and told the defendant that CW1 was going to tell F1

regarding their affair. CW1 has pending misdemeanor charges.

6. From my training and experience, and prior discussion with an ATF Agent who is expertly trained and experienced in determining the interstate nexus of firearms and my conversation with an officer who seized the aforementioned weapon, your affiant knows: that the Smith and Wesson 44 magnum revolver is a firearm as defined in 18 U.S.C., Chapter 44, Section 921(a)(3) because the seizing officer told your affiant that the aforementioned firearm contained the frame and receiver and appeared to be operable; and the aforementioned firearm was manufactured in a state other than Delaware, or in a foreign country such that its possession in Delaware would have necessarily required that the firearm had crossed state or foreign lines prior to its possession in Delaware and such that the possession of that firearm in Delaware affected interstate or foreign commerce.

7. Your affiant reviewed the computer criminal history information for the defendant from the Delaware Justice Information System (DELJIS) and learned that the defendant has the following prior felony conviction for a crime punishable by imprisonment for a term exceeding one year: on or about 10/13/2004 for Possession of a Narcotic Schedule II Controlled Substance within 1000 feet of a school. Your affiant also reviewed a copy of certified court conviction record and confirmed that he was convicted of the following two felony crimes punishable by imprisonment for a term exceeding one year: on or about 8/15/01 for possession with intent to deliver a narcotic schedule II controlled substance and possession of a deadly weapon by a prohibited person.

Wherefore, based upon your affiant's training and experience, your affiant believes that there is probable cause to believe that the defendant violated 18 U.S.C. 922(g)(1) and 924(a)(2), by possessing in and affecting interstate or foreign commerce a firearm, after having previously been convicted of a felony crime punishable by imprisonment for a term exceeding one year, and respectfully requests that the Court issue a Criminal Complaint charging that offense.

_____
Tat S. Shum
Special Agent, ATF

Sworn to and subscribed in my presence
this 14th day of February, 2008

_____
Honorable Mary Pat Thynge
United States Magistrate Judge