AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of _____ Delaware _____

UNITED STATES OF AMERICA
V.
Michael D. King
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case 08-42M

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

(1) There is probable cause to believe that the defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

(1) There is a serious risk that the defendant will not appear.
(2) There is a serious risk that the defendant will endanger the safety of another person or the community.

FILED
FEB 20 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by _____ clear and convincing evidence _____ a preponderance of the evidence: Defendant contested detention and underwent a preliminary hearing. Probable cause was found. In fact, the only reason that the court could discern for the preliminary hearing was to allow counsel some discovery.

Nature of the offense: Defendant is charge with a felon in possession of a firearm which is considered a crime of violence. the underlying facts of the incident support that defendant used a weapon to threaten another.

Strength of the evidence: A witness identified defendant as the individual who threatened her with a gun. Defendant lives in an apartment near the witness. When WPD officer investigated upon her complaint, they received consent from the woman with who defendant lives to search the apartment. When officers searched a room from which defendant exited, they found a loaded weapon matching the description of the witness. Defendant admitted that the weapon (a 44 magnum) was his and that he threatened the complainant. His defense was that the witness-complaint-was a woman scorned which is irrelevant to the facts which support the offense.

Defendant's Characteristics: In addition that the offense is a crime of violence, defendant used the weapon (admittedly) to threaten another. Investigators have a videotaped interview of defendant's admissions. His past criminal history is as follows: 1999 found delinquent for carrying a concealed deadly weapon; April 2001 convicted of possession, use or consumption for which defendant was found in VOP within 4 months and again in June 2003. August 2001 possession of a deadly weapon by a person prohibited and possession with intent to deliver for which defendant had 2 VOP convictions in 2002 and 2003. October 2004 convicted of Resisting arrest and possession with intent to deliver within 1000 foot of a school for which he was VOP in July 2006. At present, defendant has four sets of serious charges pending in state court in addition to the present federal offense – his crime spree began in July 2007 with possession of MJ and loitering for drug activity, August 2007 possession of a schedule I, possession by a person prohibited, CCDW and possession of a weapon for sale/use of dangerous drugs; November 2007 resisting arrest and disorderly conduct; January 2008 possession of a narcotic substance within 1000 feet of a school, possession with intent to deliver. At the time of his present federal charges, defendant was on bail or release for these various offenses.

Therefore there are no conditions or combination thereof that will reasonable assure defendant's appearance as required and the safety of the community.

AO 472 (Rev. 3/86) Order of Detention Pending Trial

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| February 20, 2008 | |
|---|---|
| Date | *Signature of Judicial Officer* |
| | Mary Pat Thynge, Magistrate Judge |
| | *Name and Title of Judicial Officer* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).